**Sylvester JONES, Appellant,**

v.

**Thomas Penfield JACKSON, et al., Appellees.**

**No. 00–5444.**

United States Court of Appeals, District of Columbia Circuit.

June 19, 2001.

Before MICHEL, Circuit Judge,[1] ARCHER, and FRIEDMAN, Senior Circuit Judges.[2]

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the informal brief of appellant, proceeding pro se. The court is satisfied that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the August 31, 2000 order of Judge Kessler denying appellant leave to file his complaint be affirmed.

1. Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a) because Mr. Jones' complaint names the judges of this court as defendants.

2. Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 294(b) for the same reason.

Sylvester Jones submitted a complaint and supporting exhibits to the district court seeking to initiate a civil action against several judges of the district court, this court, the United States District Court for the Eastern District of Missouri, justices of the United States Supreme Court, and various officers and clerks of those courts. The complaint concerns only actions taken in performance of judicial duties. Jones, however, is subject to an injunction previously entered by the district court in a separate case because he had filed numerous frivolous suits against myriad parties. *Jones v. Suter*, Civil Action No. 91–2142 (D.D.C. Sept. 27, 1991) (*sua sponte* injunction order) (Jackson, J.), *aff'd*, CA No. 91–5429 (D.C.Cir. March 2, 1993). The injunction requires that he "seek leave of this court before filing any new civil action; that he shall certify that any such complaint raises new matters never before decided on the merits by any federal court; and that he shall truthfully so certify any complaint on pain of penalty of contempt of this court." *Id.* at 2. The district court apparently treated Jones' submissions as a motion seeking leave to file the complaint. By order without opinion, Judge Kessler denied leave to file the complaint on August 31, 2000. Jones then moved for reconsideration, arguing that he had complied with the injunction. After determining that Jones "offer[ed] no evidence to support such an argument," Judge Kessler denied his motion. *Jones v. Jackson, et al.*, No. 00–MS–605 (D.D.C. Nov. 19, 2000) (Order).

While Jones argues here that he complied with the injunction, his submissions to the district court did not include the required certification. In neither his motion for reconsideration before the district court, nor his appeal brief before this court, did Jones indicate the basis for his claim of compliance with the injunction. As the burden of persuasion is on Jones as appellant, this omission alone would support affirmance. However, as Jones is proceeding *pro se*, we conducted our own review of his submissions to the district court. It is clear that he failed to submit the required certification. Therefore, the district court's denial of leave to file the complaint was unquestionably correct.

The district court also stated in its order denying Jones' motion for reconsideration that he could not prevail even if the complaint were filed because the defendants are immune. *See id.* at 1. The defendants Jones' complaint names, being judicial officers or their agents and subordinates, are immune from suit for actions taken in performance of judicial duties. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The district court's observation, in any event, is not relevant to our disposition of this appeal because its denial of leave to file was based exclusively upon Jones' failure to comply with the injunction.

The Clerk is directed to withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.